UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In the matter of<br>GEORGE CIRCOSTA, as Owner of<br>The M/V UNNAMED (MS 5449 BJ),<br>a 20' Moomba Vessel, bearing Hull<br>Identification Number ISRML033H405,<br>for Exoneration from or Limitation<br>of Liability. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>No.:<br><br><br>IN ADMIRALTY |

## VERIFIED COMPLAINT

Plaintiff, GEORGE CIRCOSTA ("Circosta"), as owner of the M/V UNNAMED (MS 5449 BJ), a 20' Moomba vessel bearing Hull Identification Number ISRML033H405 petitions this Honorable Court for Exoneration from or Limitation of Liability pursuant to the Limitation of Shipowner's Liability Act of 1851, 46 U.S.C. §§ 30501 through 30512, and Supplemental Rule F of the Federal Rules of Civil Procedure, averring as follows:

### JURISDICTION

1. This is a Complaint for Exoneration from and/or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 et seq. and Supplemental Admiralty Rule F.  This Court has admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

### VENUE

2. Venue is proper in the District of Massachusetts pursuant to Supplemental Rule F(9) because the Circosta resides in this district, the M/V UNNAMED is located in this district, and M/V UNNAMED has not been arrested or attached in any other district at this time.

## PARTIES

3. Circosta is a resident of Massachusetts.

4. Circosta is the owner of the M/V UNNAMED.

5. Upon information and belief, Alexandria Stuetzel ("Stuetzel") is a Massachusetts resident.

6. Stuetzel, through her counsel, provided a notice of claim by way of the service of letter upon Circosta dated September 9, 2020.

## STATEMENT OF FACTS

7. On September 3, 2020, Circosta allowed his adult son, Zachary Circosta ("Zachary"), was operating the M/V UNNAMED with Stuetzel as a passenger in the waters of Congamond Lakes which are three contiguous bodies of water that abut the State of Connecticut.

8. At all material times prior to the incident, the M/V UNNAMED and its appurtenances were seaworthy, tight, staunch, strong and fit.

9. On September 3, 2020, the M/V UNNAMED, Stuetzel fell off the M/V UNNAMED.

10. Upon information and belief, Stuetzel lost her foot and leg below her right knee.

11. At all times material hereto, the M/V UNNAMED and its appurtenances were operated and utilized in a seaworthy fashion by Circosta.

12. On September 3, 2020, the value of the M/V UNNAMED was $25,000.00. There was no freight pending at the time of the casualty.

13. The loss that occurred on M/V UNNAMED and any and all death, injuries, damages, and losses claimed to have resulted therefrom, were not caused or contributed to by any

breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the M/V UNNAMED or Circosta.

14. Alternatively, any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the M/V A UNNAMED or Circosta that might have contributed to any and all alleged injuries, damages, and losses were occasioned and incurred without the privity or knowledge of Circosta and/or were occasioned and incurred due to the fault of third-parties for which Circosta is not responsible.

15. Pursuant to Supplemental Rule F(1), this Complaint is timely filed.

16. Circosta does not know the total amount of the claims that may be made for death, injuries, damages, and losses that resulted from the collision.

17. Circosta expects that formal claims based on those injuries, damages, and losses will be presented in due course and that the total claims will exceed the limitation fund.

18. According to the Declaration of Jonathan Klopman, filed herewith along with his *curriculum vitae*, the post-casualty value of the M/V UNNAMED is $25,000.00.

## EXONERATION/LIMITATION

19. Circosta seeks exoneration from liability for any and all death, injuries, damages, and losses of any kind arising from the incident onboard the M/V UNNAMED on the waters of Congamond Lakes on September 3, 2020, as well as any other claimed losses incurred by others that have been and/or may hereafter be made and avers that he has valid defenses on the facts and the law.

20. Circosta alternatively seeks limitation of his liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.*, Supplemental Rule F, and the various statutes amendatory thereof and supplementary thereto and case law to that end, he files herewith a Stipulation re Security for Value of his Interest in the M/V UNNAMED equal to $25,000.00 plus $1,000.00 for costs and 6% interest per annum, for payment into Court as ordered.

## RELIEF SOUGHT

WHEREFORE Plaintiff, George Circosta, requests the following relief:

1. The Court approve Plaintiff's Security for the post-casualty value of the M/V UNNAMED ($25,000.00) and Security for costs ($1,000.00) and 6% interest per annum ($3,000.00) in the total amount of $29,000.00, which represents (a) the value of the M/V UNNAMED after the September 3, 2020 incident and (b) Plaintiff's obligation to give costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure and Local Admiralty Rule F(1);

2. That on approving that security, the Court enter an injunctive order pursuant to Supplemental Rule F(3) and 46 U.S.C. § 30511(c) ceasing and enjoining all lawsuits, causes of action, and claims against Plaintiff and his property arising from the September 3, 2020 incident, except in this civil action;

3. That Plaintiff serves a copy of that injunctive order on the persons to be enjoined;

4. That the Court enter an order directing the issuance of a notice to claimants, pursuant to Supplemental Rule F(4);

5. That the Court adjudge Plaintiff not liable for any and all injuries, damages, or losses arising from the collision between the vessels and other losses sustained but if Plaintiff is

held liable in any part, his liability shall be limited at a maximum to the value of the M/V UNNAMED after the September 3, 2020 incident, and that Plaintiff be discharged from any such liability upon the surrender of such interest, and that the money surrendered, secured, or to be paid as aforesaid be divided pro rata among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that judgment may be entered discharging Plaintiff from all further liability; and

6. That Plaintiff be provided such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GEORGE CIRCOSTA,
By his counsel,

/s/  David S. Smith
David J. Farrell, Jr.
BBO No.: 559847
David S. Smith
BBO No.: 634865
FARRELL SMITH O'CONNELL
27 Congress St., Suite 109
Salem, MA 01970
978-744-8918 (Tel)
978-666-0383 (Fax)
dfarrell@fsofirm.com
dsmith@fsofirm.com

**VERIFICATION**

I, George Circosta, being duly sworn depose and state:

I am the owner of the M/V UNNAMED (MS 5449 BJ), a 20' Moomba vessel bearing Hull Identification Number ISRML033H405.  I have read the foregoing Complaint and know the contents thereof and the same are true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters, I believe it to be true.  Pursuant to 28 USC §1746, I, George Circosta, declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of December, 2020.

/s/ George Circosta
George Circosta